### ALEXINA MORRISON *v.* JAMES WHITE.

Where a commission to take testimony in another State is directed to a particular commissioner, there is no necessity for proof of his official character in order to authenticate his return.

Where the introduction in evidence of answers to interrogatories taken under commission out of the State is objected to, upon the ground that the certificate is illegal, the party objecting must set forth distinctly the illegalities complained of, otherwise the objection will not be noticed.

Where a special commissioner is designated by the court to take testimony under a commission out of the State, the seal of office is not required to the authentication of his return.

Where a commission to take testimony in another State is executed by an individual named in an agreement of the parties annexed to the commission, the individual thus designated is a special officer of the court, and no proof of his official capacity is necessary.

Where the interrogatories and cross interrogatories have been severally answered by each of the witnesses, it is not necessary that the return should show that they have been read to the witnesses.

It is not necessary that the return should show by whom the answers of the witnesses were reduced to writing.

Where, by an agreement entered into by the counsel on both sides, which appears in the margin of a commission, a party has been named to take testimony, although he has not been named in the commission, his authority to execute the commission cannot be questioned.

Where the acknowledgment of an act of sale from another State was objected to as evidence, upon the ground that it did not appear from the act that it was executed and signed within the jurisdiction of the officer attesting it—*Held* : That the capacity of the officer to receive acknowledgments being admitted, it is not material that the act should show where it was executed and signed.

The presumption of freedom arising from color must yield to proof of a servile origin.

The law does not contemplate that any number of crosses between the negro and the white shall emancipate the offspring of the slave.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *F. H. Clack* and *W. T. Scott*, for plaintiff. *C. Roselius*, and *A. Phillip*, for defendant and appellant. *N. Commandeur*, for Warrantor.

BUCHANAN, J. Plaintiff alleges in her petition, that she was born free, and of white parents; that she was kidnapped, and by stealth and gross fraud brought away from her home to the city of New Orleans, where she is held and claimed by defendant as a slave. She prayed for a decree recognizing her *status* as that of a free white person.

Defendant denies the truth of the allegations of petition, pleads that plaintiff is a slave, and that he purchased her, with full warranty of title, from one *J. G. Haliburton*, whom he calls in warranty.

The case was tried before a jury, who found a verdict for plaintiff. Defendant appeals.

Plaintiff offered no proof of her origin, but relies altogether upon speculative

opinions of physicians and others, as to indications of a Caucasian extraction presented by her skin, hair, features, &c.

Defendant gave in evidence his title to plaintiff, being a private act of sale from *J. G. Haliburton*, of Pulaski County, State of Arkansas.

He also offered *Haliburton's* title, and depositions of witnesses as to the origin of plaintiff; which were rejected, and are the subject of bills of exception, which we now proceed to consider.

Defendant offered the testimony of *Benjamin F. Danley, Josiah M. Giles,* and *Benjamin F. Giles,* taken under commission; whereupon, plaintiff by counsel objected:

1st. That there is no proof of the official character of the officer executing the commission.

2d. That the certificate is not such as is required by law.

3d. That the certificate or return contains no seal of the officer who executed the commissson.

·I. The commission is directed to "*John E. Knight, Esq.,* Louisiana Commissioner in Little Rock, Arkansas." It is executed in the city of Little Rock, county of Pulaski, State of Arkansas, by "*John E. Knight,* the commissioner named in the annexed commission." The proof of the official qualifications of the commissioner, thus specially designated by name in the commission, was unnecessary. Hennen's Digest, p. 584, and cases therein cited.

II. This objection is too indefinite to be noticed. It was the duty of the party objecting to have set forth distinctly the illegalities complained of.

III. The seal of office was not required to the authentication of the return of this officer, he being the special commissioner designated and appointed, by name, by the court, to take these depositions.

Defendant offered in evidence the depositions of *Thomas Decrow* and *Elijah Decrow,* taken under commission; to the admission of which the plaintiff made the following objections, which were sustained by the court:

1st. That there is no proof of the official capacity of the person purporting to execute the commission.

2d. That there is nothing in the caption or elsewhere showing that the interrogatories and cross-interrogatories had been read to the witness.

3d. That there is nothing in the return or certificate showing by whom the answers of the witnesses were reduced to writing.

4th. There is no evidence showing that the witnesses signed the depositions in the presence of the officer who executed it.

5th. That there is no proper and legal certificate.

6th. That the commission was executed by a person not designated in the commission.

I. The commission was executed by an individual named in an agreement of parties annexed to the commission—who was, therefore, a special officer of the court.

II. The interrogatories and cross-interrogatories were severally answered by each witness.

III. It is not required that the return should show this.

IV. This is substantially stated.

VI. This objection is frivolous. The commission is directed to "any Judge, Justice of the Peace, or Louisiana Commissioner in the State of Texas;" but in the margin of the commission is written "Agreed that this commission be exe-

MORRISON
v.
WHITE.

cuted by *Thomas H. Forrester*, Notary Public of Calhoun County, Texas," which agreement is signed by the counsel of both parties. And 'the commission was executed by *Thomas H. Forrester*, Notary Public of Calhoun County, Texas.

Defendant offered in evidence an act under private signature, purporting to be an act of sale of a slave named *Jane Morrison*, (whose identity with plaintiff is proved by other testimony in the record) from *James C. Anthony* to *John G. Haliburton*, acknowledged before a Justice of the Peace of the city of Little Rock, Pulaski County, Arkansas; authenticated by the Governor and Secretary of State of Arkansas, under the seal of that State. This evidence was ruled out upon the objection made by plaintiff, " that it does not appear from the said act of sale that the same was executed and signed within the jurisdiction of the officer attesting the same." We do not understand this objection to raise any question of the authority of the Justice of the Peace to receive acknowledgments of deeds; and this certificate purports simply, that the officer received such an acknowledgment. It states that *James C. Anthony* " personally appeared " before the magistrate *at Little Rock, county of Pulaski, State of Arkansas*, and acknowledged, &c. The place where the act of sale was executed and signed does not appear, nor is it material for the validity of the paper. The capacity of the officer who received the acknowledgment is proved and admitted, and the evidence should not have been rejected upon the objection made.

Defendant offered in evidence the deposition of *Moses Morrison*, taken under a commission directed to *D. E. E. Braman*, Clerk of the District Court of Matagorda, State of Texas, and executed by *D. E. E. Braman*, Clerk of the District Court of the county of Matagorda, State of Texas. This evidence was ruled out upon the following objections :

1st. There is no legal proof of the official character of the commissioner.

2d. It does not appear by whom the answers were reduced to writing.

3d. The certificate does not contain the legal requisites.

These objections are identical with those already disposed of.

The same remarks apply to a bill of exceptions, taken by defendant, to the rejection of the deposition of *A. J. Hutt*, a witness examined under commission directed to *James A. Hutchins*, a Justice of the Peace in Little Rock, Arkansas.

We are of opinion, that all the evidence specified in the above detailed bills of exception was improperly rejected. The said evidence has come up in the transcript, as attached to the bills of exception. We have examined it, and find full proof therein that the plaintiff was born a slave, the offspring of a mulatto woman slave, and that she passed. by a regular chain of conveyances, from the possession of her original owner, the owner of her mother, to the defendant. The plaintiff is proved to be of fair complexion, blue eyes, and flaxen hair. But the presumption of freedom, arising from her color, is not a presumption *juris et de jure*. It must yield to proof of a servile origin. The Legislature has not seen fit to declare, that any number of crosses between the negro and the white shall emancipate the offspring of the slave ; and it does not fall within the province of the judiciary to establish any such rule of property.

Plaintiff's petition alleges that she was born of white parents, and that she was kidnapped and stolen from her home, shortly previous to the institution of this suit, by the defendant. It is remarkable that she has not made the faintest approach toward establishing these allegations of her petition by proof. But as it is possible she may have evidence which her counsel deemed it unnecessary to introduce, all the evidence of origin on the other side having been ruled out, we

will remand the cause, in order to give plaintiff an opportunity to rebut that evidence; which, unless rebutted, is regarded by us as conclusive against her.

It is, therefore, adjudged and decreed, that the judgment of the District Court, upon the verdict of the jury, be reversed; and that this cause be remanded, with instructions to the said court to receive the evidence offered by defendant, which is the subject of the several bills of exception above considered; and in other respects, to proceed according to law; the plaintiff and appellee to pay costs of appeal.