H. T. LADD, TRUSTEE, v. W. A. ALCORN, SR.

1. ACKNOWLEDGMENT. *Informality. Official character. Recording.*

   Where a certificate of acknowledgment gives in the caption the state and county, and refers to " the undersigned mayor, etc., of said county," the words " mayor and *ex officio* J. P.," following the signature, it sufficiently shows that it was before an authorized officer, to entitle the deed to be recorded. *Russ* v. *Wingate*, 30 Miss., 440.

2. TRUST-DEED. *Record. Removal of personalty. Title.* Code 1880, § 1210.

   Section 1210, code 1880, which requires every recordable instrument respecting title to personalty to be recorded in any county into which the property is removed within twelve months after such removal, in order to affect a purchaser without notice, does not apply in favor of a purchaser who acquired title in a county where the instrument was recorded, although the property was delivered to him in another county, where it remained for more than twelve months before the instrument was there recorded.

FROM the circuit court of the second district of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

Replevin by H. T. Ladd, trustee, against W. A. Alcorn, Sr., for a horse. Plaintiff claimed under a trust-deed executed by one Sayle to secure an indebtedness to William Black & Co. The deed of trust was recorded in Yalobusha county, where the beneficiaries resided, and where the horse was. Subsequently, Sayle resorted to a raffle in order to dispose of the horse, and, at the raffle, which took place in Yalobusha county, Alcorn, who had purchased a chance, was the winner. The horse was thereupon removed to Tallahatchie county, where it was delivered to Alcorn, and by him removed to Coahoma county, where he resided. The deed of trust was not recorded in Tallahatchie county, or in Coahoma county until more than twelve months after the removal to that county of the horse. Alcorn having refused

to deliver the horse when demanded, the trustee, Ladd, instituted this action of replevin.

On the trial, objection was made by the defendant to the sufficiency of the certificate of acknowledgment of the trust-deed, which was as follows:

"State of Mississippi, ⎱　Before the undersigned, mayor,.
　Yalobusha County. ⎰ etc., of said county, personally appeared the within-named I. T. Sayle, party to the foregoing instrument, whose name appears thereto, and acknowledged that he signed and delivered the same on the day and year therein mentioned, as his act and deed and for the purposes therein contained. Given under my hand, this tenth day of June, 1889.　　　　　　　　　John M. Moore,
　　　　　　　　　　　"Mayor and ex officio J. P."

There was testimony on the part of the defendant to show that the beneficiaries in the trust-deed knew that the raffle would take place, and consented to this method of disposing of the horse, but this was denied by them, and the testimony on this point was conflicting. The trial resulted in a peremptory instruction for defendant, and plaintiff appeals.

*D. A. Scott*, for appellant.

*Cook & Anderson*, for appellee.

The certificate of acknowledgment must show the official character of the person taking it, or this must appear by additions or abbreviations attached to the signature. *Russ* v. *Wingate*, 30 Miss., 440. There is no such officer as mayor of a county, and whether we look to the body of the certificate or to the signature, we find no reference to any officer, except mayor of a county.

Campbell, C. J., delivered the opinion of the court.

That Alcorn was a purchaser in good faith of the horse, cannot exert any influence on the case, nor does the fact that he got him as the result of a raffle. Alcorn's title was ac-

quired in Yalobusha county, where the deed of trust was recorded, and, if it was constructive notice by reason of its filing in that county, he was bound by that notice.    The circumstances that he actually received the horse in Tallahatchie county, and held him in Coahoma county for years, do not affect the real questions in the case, which are: was the deed so acknowledged and certified as to be entitled to be recorded? and, was Sayle authorized by the beneficiaries in the deed of trust to dispose of the horse?

The certificate of acknowledgment was sufficient to entitle the deed of trust to be recorded.  *Russ* v. *Wingate*, 30 Miss., 440.

Whether Sayle was authorized to dispose of the horse, was a controverted question of fact, which should have been left to the jury.

Section 1210 of the code of 1880, which, we suppose, led to the confusion about purchasing for a valuable consideration without notice, has no sort of application to a title accrued in the county in which the writing is recorded.

*Reversed, and remanded for a new trial.*