Russ et al. *v.* Wingate.

EDWIN F. RUSS and WIFE, Appellants, *v.* DAVID R. WINGATE, Appellee.

1. DEED: CERTIFICATE OF ACKNOWLEDGMENT.—A certificate of the acknowledgment of a *feme covert* to a deed or mortgage, need not contain a description of the officer before whom it is made; it is sufficient if his official character appear by additions and descriptions attached to his signature: and abbreviations may be used for this purpose, if in general understanding their import be known.

2. SAME.—The letters J. P., affixed to the signature of an officer to the certificate of the acknowledgment of a *feme covert* to a deed or mortgage, is a sufficient designation that such officer is a justice of the peace; and it is unnecessary that his official character be more fully set out in the body of the certificate.

3. SAME.—It seems that where the official character of the person taking an acknowledgment to a deed is not shown by the certificate, it may be proven by evidence *aliunde*. See *Rhodes's Lessee* v. *Selin*, 4 Wash. C. C. R. 718; *Jeffreys* v. *Collis*, 4 Dana, 470.

4. SAME.—The following certificate of the acknowledgment to a mortgage of her separate estate, is sufficient to bind the wife: "The State of Mississippi, Hancock county. At Pearlington, in said county, on the 14th day of March, A. D. 1854, then personally appeared the above named Edwin F. Russ, and Cornelia Russ, his wife, and severally acknowledged the foregoing instrument to be their act and deed: that they signed, sealed, and delivered the same to David R. Wingate, the day and year therein mentioned. And the said Cornelia, wife of the said Edwin F., as aforesaid, who, on a private examination by me made, separate and apart from her husband, acknowledged that she did so voluntarily, without any fear, threat, or compulsion of her said husband: before me. Given under my hand and seal, this, the day and year above-mentioned.
"LEWIS Y. FOLSOM, J. P. H. C. [SEAL.]"

5. SAME.—The certificates of acknowledgment to deeds, &c., and instruments of like character, being frequently, from necessity, made before illiterate and inexperienced officers, should not be construed by the application of critical technical rules, but should be received with great indulgence and liberality, and sustained as valid, whenever it can be done by fair legal intendment. See *Luffbo-*

Russ et al. *v.* Wingate.

*rough* v. *Parker*, 12 S. & R. 48; *Jackson* v. *German*, 2 Cow. 567; *Nantz* v. *Bailey*, 3 Denio, 111; *Shaller* v. *Brand*, 6 Binn. 438.

6. The joint note of the husband and wife, though void as to the latter, is good as to the husband, and is a sufficient foundation for a mortgage executed jointly by them, on the wife's separate estate.  See *James* v. *Fisk*, 9 S. & M. 144. *Sessions* v. *Bacon*, 23 Miss. 272.

APPEAL from the chancery side of the Circuit Court of Hancock county.  Hon. John E. McNair, chancellor.

David R. Wingate filed his bill in the Court below, to foreclose a mortgage executed jointly by Russ and wife, to secure their joint note, payable to said Wingate.  The defendants demurred to the bill, upon the ground stated in the opinion of the court.  The demurrer was overruled, and defendants required to answer.  From this they appealed.

*John Henderson*, for appellants, contended:—

1. That it was indispensable that the official character of the officer by whom a certificate of acknowledgment is made, should be stated in the body of the certificate: that, by statute, only certain officers were allowed to take the acknowledgments of married women, so as to bind their separate estate; and the certificate must show that it was done by the proper officer.

2. The certificate, conceding it to have been made by the proper officer, is fatally defective, as far as Mrs. Russ is concerned, in not showing that she, upon a private examination, acknowledged that she freely, and voluntarily, and without the fear, threat, or compulsion of her husband, executed the deed.  The certificate consists of two parts: First, that Russ and wife, together, and in presence of each other, appeared and acknowledged the mortgage.  Second; that on a private examination, separate and apart from her husband, Mrs. Russ acknowledged that she "did so voluntarily."  The first part, so far as it concerns Mrs. Russ, is void; because it is a certificate the justice of the peace had no right to make, and is evidence of an act which he had no right to do.  The second part states, that Mrs. Russ acknowledged that she "did so voluntarily."  Did what?  Most certainly, nothing more nor less, than the fact stated in the first part, viz: that

in the presence of her husband she came before the officer, and acknowledged, &c. This she was unauthorized to do, and the act was void, and no subsequent ratification or acknowledgment of the said act can make it valid.

3. The certificate is defective, in not containing the word "freely." This implies more than the word voluntarily, and they are both used in the statute. The word "freely" was intended to exclude the idea, that she did it by the persuasion of the husband, or from a desire to win his favor. Mr. Henderson referred to the following authorities:—Hutch. Code, 608; 4 Cushm. 356; 3 Ib. 74.

*E. Safford,* for appellee.

The appellee, Wingate, filed his bill on the chancery side of the court below, for the foreclosure of a mortgage, executed to him by the appellants, E. F. Russ and wife. The defendants demurred to the bill; the demurrer was overruled by the Circuit Court, and from the judgment of the court, overruling the demurrer, the defendants appealed.

The complainant, Wingate, insists ·that the judgment of the court below on the demurrer, was in accordance with law, and should be affirmed by this court; and in support of this position, he offers the following authorities, and the argument of his counsel.

One point presented by the demurrer, is substantially this: that inasmuch as the debt sought to be secured by the mortgage, consisted of promissory notes executed by defendants, husband and wife, to complainant, such notes are void as to the defendant, Cornelia Russ, she being a married woman; and therefore are not an equitable basis to support a mortgage executed by her on her separate property. It may be proper here to remark, that there is nothing in the face of the mortgage to show that any of the property thereby conveyed, was the separate property of the wife, Cornelia Russ, or that she joined in the conveyance for any other purpose than to release her inchoate interest as dowress, in the land described in the mortgage, which, as appears, includes both real and personal estate.

But admitting, for the purposes of this argument, the fact, that

the property mortgaged was the separate property of the wife, and conceding also the legal proposition contended for, that the notes are not binding on the wife, and that an action at law upon them, could not be maintained against her, they are, notwithstanding that, *valid contracts*, to all intents and purposes, *as against the husband*, their legal force and validity being in no way impaired *as to him*, by the fact just mentioned in regard to the wife; and that a wife may execute a valid mortgage of her separate property, to secure the debt of her husband, is clearly deducible from our statute, known as "the married woman's law;" and the question has moreover been expressly decided by this court.  See *James* v. *Fisk*, 9 S. & M. 144; *Sessions et ux.* v. *Bacon et al.*, 1 Cushm. R. 272.

Another question presented by the demurrer, and which it is believed, is regarded by the counsel of the appellants as the most important, if not the only real question in the case, arises upon the certificate of the acknowledgment of the mortgage by the defendant, Cornelia Russ.   We contend, that the certificate of the magistrate contains enough to show, not only a substantial, but almost a literal compliance with the statute, relative to acknowledgment of deeds by married women.   There is in the certificate a slight departure from the usual *form* of such certificates, but the *substance* of the law has been strictly complied with.   The certificate states, that both the mortgagors appeared before the magistrate, and severally acknowledged the mortgage to be their act and deed, and that they signed, sealed, and delivered the same, &c.   That the wife, on a private examination, separate and apart from her husband, acknowledged that *she did so* voluntarily, without any fear, threat, &c.   It is contended, on the part of the appellants, that the words "she did so," refer to the fact previously stated in the certificate, that she appeared before the magistrate, &c.   We contend for the most natural and simple construction of the whole certificate, and say that the words "she did so," are clearly intended to point to the execution of the deed, its signing, sealing, and delivery, mentioned in the preceding part of the certificate.   The true rule of construction in such a case as this, is, if possible, not to defeat, but to give effect to the intention of the

parties. In this case, it is perfectly clear that the parties intended to execute and acknowledge the mortgage in question, in the manner required by law to make it a valid mortgage, as to both the mortgagors. If there be any room for construction in the case, that construction will be such as to give effect and validity to the clear intention of the parties, and not to defeat it.

A compliance with the letter of the statute, or with the usual forms in such cases, are not indispensable to the sufficiency of the certificate of acknowledgment. It has been repeatedly held by this court, that a *substantial* compliance with the statute is sufficient. See *Morse et al.* v. *Clayton*, 13 S. & M. R. 373; *Hall* v. *Thompson*, 1 Ib. 444; *Love* v. *Taylor*, 4 Cushm. R. 574.

Another objection to the bill presented by the demurrer is, that the prayer of the bill asks, among other things, that all subsequent purchasers and incumbrancers of the mortgaged property may be made parties defendant, &c. This objection is only to a matter of form merely, and the bill, if faulty in that particular, may be amended. We insist however, that the prayer is a proper one, and that the bill in that respect is good. Prior incumbrancers should not be made parties, because they are not nor can be in any way affected by our mortgage, or by our proceedings to foreclose it; but purchasers or incumbrancers *subsequent* to our mortgage should be made parties to give them notice, and an opportunity to redeem by paying off or buying in our mortgage lien, if they see fit to do so.

HANDY, J., delivered the opinion of the court.

This was a bill in chancery to foreclose a mortgage, alleging that the complainant, now the appellee here, sold certain property to the appellants, Russ and wife, who executed their promissory notes to the complainant for the purchase money, and to secure the payment thereof, gave a mortgage upon certain slaves and real estate. The acknowledgment of this mortgage is in form as follows :—

" *The State of Mississippi,* }
     Hancock county. }

" At Pearlington, in said state and county on the 14th day of

March, A. D., 1854, then personally appeared the above named Edwin F. Russ, and Cornelia Russ his wife, and severally acknowledged the foregoing instrument to be their act and deed: that they signed, sealed and delivered the same to the said David R. Wingate, the day and year therein mentioned. And the said Cornelia, wife of the said Edwin F. as aforesaid, who on a private examination by me made, separate and apart from her husband, acknowledged that she did so voluntarily without any fear, threat or compulsion of her said husband: before me. Given under my hand and seal, this the day and year above written.

LEWIS Y. FOLSOM, J. P. H. C. [SEAL.]"

The appellants demurred to the bill; and the demurrer being overruled, this appeal was taken, and several of the grounds of demurrer are presented for consideration.

The first objection taken to the bill is, that it alleges that the property was sold to Russ and wife, who executed their notes for the purchase-money, and then the mortgage to secure the same: that the notes being void as to the wife, and being shown in the bill to be the joint notes of the husband and wife as the foundation of the mortgage, no right of recovery upon the contract as stated, is shown.

But we do not consider this view tenable. In law, the notes were joint and several, and though void as to the wife, were valid as to the husband. Their legal effect will not be impaired by the allegation of the bill that they were the notes of the husband and wife, when in law they were valid only as to the husband. Such effect must be given them as they had by law. If they were obligatory upon him, it was competent for the wife to unite with him in a mortgage of her separate property to secure them, considering the property conveyed by the mortgage in question as her separate estate, which does not appear by the record. This is settled by this court in *James* v. *Fisk*, 9 S. & M. 144; *Sessions and Wife* v. *Bacon et al.*, 23 Miss. 272.

The other grounds of objection are founded on the alleged insufficiency of the certificate of acknowledgment written upon the mortgage.

The first of these is, that it does not appear in or by the certificate that the acknowlegment was made before any officer. The statute merely requires that the acknowledgment must be made *before* any one of the officers mentioned in it, and that " a certificate thereof must be written on or under the deed or conveyance, and signed by the officer before whom it was made." It is not provided that the certificate shall contain a description of the office of the person taking the acknowledgment, nor is any mode of showing his official character prescribed. It may, therefore, be shown either in the body of the certificate, or by additions and descriptions attached to his signature. If it appear by the latter mode, it is sufficient if it be done in such manner as to render the description of the officer plain and easily intelligible. And abbreviations may be used, if in general understanding their import be known and fixed. *Duvall* v. *Covenhoven*, 4 Wend. 561. The abbreviations here used are in very general use, and it may be safely said that there are few persons, capable of reading and writing, who did not understand the letters J. P., to signify justice of the peace.

But in addition to this, it has been held, and with good reason, that when the official character of the person taking the acknowledgment is not shown by the certificate, it may be shown by proof *aliunde*. *Rhodes' Lessee* v. *Selin*, 4 Wash. C. C. R. 718; *Jeffreys* v. *Collis*, 4 Dana. 470. And it would, therefore, be competent at least to explain upon the hearing of the cause, that the abbreviations added to the certificate were intended to signify "Justice of the Peace of Hancock County," on the ground of latent ambiguity.

The second objection is, that the certificate does not show that the requisites in order to a valid acknowledgment by the wife were complied with.

The substance of the certificate is, that on a specified day the husband and wife appeared and *severally* acknowleged that they executed the instrument as their act and deed, and that the wife, on a private examination, apart from her husband, acknowledged "that she did so" voluntarily, without any fear, threats or compulsion of her husband. It is assumed in argument, in behalf of the

appellant, that the first part of this certificate shows that the husband and wife appeared *together*, and acknowledged the execution of the deed, and that the subsequent statement, that upon private examination, she acknowledged *that she did so* voluntarily, &c., means that she privately admitted that the acknowledgment previously stated as having been made in the presence of her husband, was made voluntarily, &c. If this construction were a just one, it is by no means clear that it would render the certificate insufficient.' For it would show an acknowledgment by the wife apart from her husband, sufficient to satisfy the statute. *Talbott's Lessee* v. *Simpson.* Peters, C. C. R. 190. But it is clear that it is not justified by the language used. For though it is stated that both the husband and wife appeared on the same day, it is distinctly stated that they *severally* made the acknowledgment; and this certainly does not show that her acknowledgment was made in the presence of her husband, but rather the contrary. Then follows the statement, that the wife on a private examination separate and apart from her husband, acknowledged *that she did so;* that is to say, that she signed, sealed and delivered the deed, voluntarily, &c. And in view of the whole certificate, it cannot be doubted, that the wife separately and apart from her husband acknowledged that she signed, sealed and delivered the instrument as her act and deed voluntarily, without any fear, threats or compulsion of her said husband. And this is all that the law requires.

The rule appears to have received very general sanction, that all that is required in certificates of this nature, is a substantial compliance with the law under which they are made. They are frequently made from necessity before illiterate and unexperienced officers; and it would subserve anything else than the purposes of justice, to determine their validity by the application of very critical or technical rules, and thereby sacrifice rights depending upon them, and honestly acquired. Hence, they have been viewed with great indulgence and liberality, and have very generally been sustained when it could be done by fair legal intendment. *Luffborough* v. *Parker*, 12 S. & R. 48: *Jackson* v. *German*, 2 Cow. 567; *Nantz* v. *Bailey*, 3 Dana, 111; *Shaller* v. *Brand*, 6 Binn. 438.

Upon this principle we think that the certificate in this case was substantially good, and the decree is therefore affirmed, and the cause remanded, and the appellants required to answer within sixty days.