## Richmond.

## GENTRY v. GENTRY.

March 5th, 1891.

1. CHANCERY PRACTICE—*Specific Performance—Parties.*—As the rule in equity is that all interested shall be parties to a cause : *held*, not error to make, in suit for specific performance, a party defendant of an infant, who is not named in the contract, but to whom part of the purchase-money notes are made payable.
2. SPECIFIC PERFORMANCE—*Defense.*—As no one alleging his own fraud can have relief in equity: *held*, it is no defense to suit by vendee for specific performance. that sale was made to prevent vendor's creditors from collecting their debts.
3. IDEM—*Married women—Separate estate.*—As under sections 2286, 2288 and 2289, Code 1887, a married woman may dispose of her separate estate, make contracts in respect thereto, and be sued on them, and have a personal judgment rendered and enforced against her and such estate, as though she were a *feme sole:* *held*, specific performance of her contract to convey her separate estate in land may be decreed.
4. IDEM—*Case at bar.*—The evidence in case here discloses a *bone fide* transaction and a contract which was properly enforced.

Appeal from two decrees of circuit court of Greene county, rendered, respectively, on the 12th day of November, 1888, and on the 13th day of November, 1889.

The suit was by bill in equity by the appellee, W. B. Gentry, seeking to compel specific performance by the appellants, B. C. Gentry and his wife, Josephine C. Gentry, of a contract in writing for the sale of a tract of land in the bill mentioned, and the appellee, Lillie A. Gentry, an infant, who was inter-

ested in the result of the suit—some of the purchase-money bonds having been, at the request of the vendors, executed payable to her, as an advancement by them to her, she being their daughter—was made a party defendant. The contract in writing was executed by the appellants, B. C. Gentry and Josephine. C. Gentry, his wife, on the 3d of July, 1888, and the purchase price was $1,800. The said B. C. Gentry and Josephine C. Gentry gave their receipt, of even date with the said contract, for $937.88, cash paid, in full for the said purchase of this land, except $862 12, left in the hands of the said purchaser, W. B. Gentry, to pay off liens on the land; and W. B. Gentry agreed in writing that this $862.12, left in his hands, was so left in his hands out of the purchase-money to pay trust deed and judgment—namely, judgment to Duke & Duke, deed to E. F. Estes, judgment to A. F. Via, deed to S. A. Smith. The bonds executed to Lillie A. Gentry were for $137.88 and $109, payable on or before November 1st, 1889; $108 payable November 1st, 1891; $108 payable November 1st, 1892; and all bore interest from October 1st, 1888, the day possession of the tract of land of 132 acres purchased was to be given to the purchaser, and all were of even date with the contract sought to be enforced, and signed both by W. B. Gentry and his wife.

The defendants, B. C. Gentry and wife, demurred to the bill, upon the ground that Lillie A. Gentry was made a party to a bill to have specific performance of a contract to which she was not a party, and in which she was not mentioned. But the court overruled the demurrer, and rendered the decree on the 12th of November, 1888, amended the injunction order so as to make it more definite, and increased the penalty of the injunction bond from $100 to $500. The defendants answered, and the amended bills were filed, amending the prayers for relief in some particulars, and the depositions on both sides were taken, and, the cause coming on to be heard on the 13th of November, 1889, the decree of that date, appealed from,

was rendered, decreeing specific performance of the written contract for the sale of the land in question against both B. C. Gentry and Josephine C. Gentry, and decreed a conveyance of the land, and a delivery of the possession of the same, and reserved to Lillie A. Gentry the right to enforce, by proper proceedings against the plaintiff, the payment of the purchase-money bonds given to her. From this decree the case was brought to this court on appeal.

*J. G. & W. W. Field*, and *R. S. Thomas*, for the appellants.

*George Perkins*, for the appellee.

LACY, J. (after stating the case), delivered the opinion of the court.

We are of opinion that the circuit court of Greene did not err in overruling the demurrer of the defendants, B. C. Gentry and Josephine C. Gentry, to the plaintiff's bill, and that the same was properly overruled.

Lillie A. Gentry was interested in the result of the controversy, and it is a general rule in equity that all parties in interest shall be made parties to a cause, either as plaintiffs or as defendants.

Upon the merits, the claim of the defendants in the circuit court was that the contract sought to be enforced against them was false and fraudulent in every particular; that no such contract was ever executed by them in any binding form, but that it was merely a confidential arrangement made by them with the plaintiff to prevent a creditor of theirs from collecting a debt against them, and in trust of the great fidelity of the plaintiff to their interests in this behalf.

First. They thus allege their own fraud, and seek to have the aid of a court of equity in rendering it effectual, and for this they cannot be entertained in this court.

Secondly. The evidence in the cause distinctly, in addition to the unequivocal writings between the parties, proves the execution of the contract as alleged in the bill. A witness was called in, and witnessed the act of the wife of the plaintiff in writing, at the dictation of the husband, in the presence and by the procurement of the defendants, the several papers, and the counting down of the money necessary to complete the transaction according to its agreed terms. They sold the land upon terms agreed on, received the cash agreed on, and the bonds to Lillie were received as cash, and delivered the contract to a friend to be held for the parties, and agreed to deliver possession of the farm on the 1st of October following, and requested this same friend of theirs to subscribe as a witness on contract and the receipt. And, receiving the cash paid, Mrs. Josephine C. Gentry said she intended to keep that and buy a home with it. This witness did not see the money paid, but the witness Estes did. He says the contract, having been dictated in the presence of the defendants, was read aloud to them by the plaintiff, and during the absence of the plaintiff's wife to bring down the money. The defendants, B. C. Gentry and wife, picked the contract up and looked over it together. Mrs. W. B. Gentry came down stairs with the pocketbook, and a shot-bag, with some silver in it, in the other hand, and said she did not have quite money enough without taking some old coin they had, and asked the witness if he did not have some money belonging to the plaintiff, and he assented, and went off and got forty-two or three dollars, and brought it down and counted it out to him. That the plaintiff then counted out the money in several piles of notes and some silver, and said to the defendant, B. C. Gentry, "There is the amount of money; count it," and the defendant, B. C. Gentry, did count it, and took possession of it, and paid him out of it, then and there, two dollars he owed him, the witness Estes. That the parties then mutually agreed on the above-mentioned friend, who witnessed the contract. The witness

Davis, who was sent for, came in, and the defendants then for-
mally acknowledged the contract and their signatures, and
delivered the contract to the said Davis to hold for the said
parties, by whom it was produced and filed in this suit.

There is no difficulty whatever upon the merits of the case.
The proof is complete, and the plaintiff has an undoubted
right to have this contract enforced as it is made. But the·
defendants raise yet another question in their defence, and
this is that Mrs. Josephine C. Gentry is a married woman, and
her contract cannot be enforced against her because she could
not make a binding contract, because of the disability of cov-
erture.

But that defence will not avail them. This was the land
of the wife, the separate and sole property of this married
woman, and she has made a voluntary and binding contract
for its sale for a valuable consideration; and, under the exist-
ing laws of this State, she is bound by it.

Section 2286 of the Code provides that "a married woman
shall have the right and power to hold, control and use her
said separate estate as if she were *feme sole*, and by her sole
act encumber, convey, devise, bequeath, or otherwise dispose
of her said separate estate, in the same manner and with the
like effect as if she were unmarried."

And section 2288 of the Code provides as to her: "She may
make contracts, as if *sole*, in respect to such trade, business,
labor, services, and *her separate estate*, or upon the faith and
credit thereof; and upon such contracts, and upon all matters
connected with, relating to, or affecting such trade, business,
labor, services, *or separate estate*, and upon contracts and lia-
bilities made or incurred· before her marriage, she may sue
and be sued in the same manner, and there shall be the same
remedies in respect thereof, for and against her and her said
estate, as if she were unmarried."

Section 2289 of the Code, following, provides: "In any
case in which a married woman may sue or be sued, under

the provisions of the preceding section, a personal judgment or decree may be rendered for or against her; and when against her, the same may be enforced against her, and any separate estate she has or may subsequently acquire (but only against such estate), in the same manner as if she were unmarried."

The court in its decree in this case, mindful of the changed attitude of a married woman, her extended opportunities and enlarged responsibilities, has decreed accordingly, and we think the decrees herein are plainly right. The defences of the defendants appear to be dilatory pretexts, wholly unsubstantial. It is unreasonable to believe, even without the support of the clear proof in the case, that the plaintiff would have assumed the attitude of a bogus purchaser, and paid down money and executed bonds, and bound himself in writing to pay off liens upon a tract of land, and delivered these in the presence of witnesses, and accepted a mere nullity in satisfaction.

The plaintiff was plainly entitled to a decree for specific performance, and the circuit court's decree to that end is without error, and the same must be affirmed.

DECREE AFFIRMED.