# Wytheville,

## VIRGINIA COAL & IRON CO. & ALS. v. ROBERSON & WIFE.

### June 25th, 1891.

1. DEEDS—*Certificate of acknowledgment.*—Whilst literal compliance with the statute is not necessary, yet the certificate of acknowledgment must show substantial conformity with every requisite of the statute.

2. MARRIED WOMEN—*Separate estate—Specific performance.*—Previous to act of April 4th, 1877, specific performance of a married woman's contract could not be enforced. After that date, and previous to May 1st, 1888, her contract could be specifically enforced only as to her separate estate, and while her husband united with her. Since the date last named, her executory contract may be specifically enforced under the rule as to specific performance generally.

3. IDEM—*Case at bar.*—In 1880 a husband and wife executed a deed conveying her separate estate in land. The certificate of acknowledgment was defective as to her. The purchase-money was paid and possession delivered—

HELD :

   The deed constituted a contract whereof, under act of April 4th, 1876, specific performance was enforceable.

Appeal from decree of circuit court of Wise county, rendered September 19th, 1890, in a suit wherein the Virginia Coal and Iron Company and the Big Stone Gap Improvement Company instituted in December, 1889, against J. M. Roberson and Letitia D. Roberson, his wife, for the purpose of compelling them to perform specifically a contract for the sale of certain lands in the bill described. The decree was adverse to the complainants and they appealed to this court. Opinion states the case.

*Bullitt & McDowell*, and *E. M. Fulton*, for appellants.

*Duncan & Matthews*, *Richmond & Sewell*, for appellees.

LACY, J., delivered the opinion of the court.

The alleged contract for the sale of this land was a deed made by the said defendants for the land in question to one Charles W. Kilgore, which, by successive conveyance, had passed to the plaintiffs.

The deed was made on the 1st day of March, 1880, and the certificate of acknowledgment was signed the same day, and the writing was admitted to record.

The appellant, regarding the certificate of acknowledgment as insufficient to authorize the recordation of the deed as to the married woman, so as to pass her right therein, brought this suit to compel a conveyance in due form, having first applied to the parties to make the said deed without suit, and said request refused.

The land in dispute is the land of the wife, and is her separate estate, under the act of assembly of April 4th, 1877.

The law in force March 1st, 1880, provided that if the wife, " on being examined privily and apart from her husband, and having the writing fully explained to her, acknowledged the same to be her act, and declared that she had willingly executed it, and does not wish to retract it, such privy examination, acknowledgment, and declaration shall thereupon be recorded."

The certificate to the deed in question was " J. M. Roberson and L. D. Roberson, his wife, whose names are signed to the foregoing deed for land, personally appeared before the undersigned, justices of the peace for Wise county, Va., and acknowledged the same to be their act and deed, the said L. D. Roberson being examined separate and apart from her husband, to the effect that she signed the said deed willingly, and that she does not wish to retract it."

This certificate is admitted on both sides to be defective, and it clearly does not conform to the statute, it nowhere appearing that the writing was first explained to her, and her acknowledgment appearing to be jointly with her husband, and before her alleged privy examination.

While it is well settled by our decisions that a literal compliance with the statute is not necessary, and that when there has been a substantial compliance therewith it is sufficient (*Langhorne* v. *Hobson*, 4 Leigh, 225; *Todd* v. *Baylor, Id.* 498; *Siter* v. *McClanahan*, 2 Gratt. 280; *Dennis* v. *Turpenny*, 20 Barb. 371; *Dundas* v. *Hitchcock*, 12 How. 256; *Deery* v. *Cray*, 5 Wall, 795, and *Hockman* v. *McClanahan*, 87 Va. 33), yet the result of the authorities is, as was said in the last-named case, that, while a substantial compliance with the statute will suffice, it must be a substantial compliance with every requisite of the statute. None of these requirements can be dispensed with, and a compliance with some of them will not be held to contain the substance of them all.

This subject was fully considered in the case of *Hockman* v. *McClanahan, supra*, and it is sufficient to refer to that case and the authorities there cited. In the light of these decisions, the counsel are right on both sides in conceding that the said certificate is defective. The counsel for the appellees insist that the certificate, being insufficient to pass the wife's right, that the conveyance is a nullity, and the land is still the property of the wife; and the counsel for the appellants, conceding that the deed is insufficient to pass the wife's right, claim, further, that the deed, though not duly acknowledged as to the wife, and not properly recorded as to her, and not sufficient to convey her land, is yet a contract in writing by the wife to convey, is executory, and should be by the court specifically enforced against the wife; notwithstanding the coverture.

The appellees insist that the executory contract of a married woman to convey her land cannot be enforced against her, because of the coverture. If the contract had been made since

the adoption of the Code of Virginia in force May, 1888, it is conceded that the executory contract of a married woman may now in this state be enforced against her, if made since the adoption of the new Code, *supra*, by authority of sections 2286, 2288, and 2289, as was held by this court in the case of *Gentry* v. *Gentry*, 87 Va. 478, where the statutes are set forth in full.

If, however, the deed had been executed before the passage of the act of April 4th, 1877, *supra*, it is equally clear, and is likewise conceded, that specific performance could not be enforced against the married woman, as the law then stood, because of her coverture, *Chilhowie Iron Co.* v. *Gardner*, 79 Va. 305, and authorities cited; also *Shenandoah Valley R. R. Co.* v. *Dunlop and Wife*, 86 Va. 349. The writing in question was a writing signed and delivered by a married woman, purporting to convey her real estate, which by law was her separate estate. If any contract comes within the well-settled rule as to specific performance generally, this is such, for here the entire purchase-money has been paid, and possession delivered. The question in this case, however, is, Can the married woman's contract for the sale of her separate estate be enforced against her? If there is any authority for this, it must be found in the act of April 4th, 1877. That act provides that the real and personal property of any female who may hereafter marry, and which she shall own at the time of her marriage, and the rents, issues, and profits thereof, and any property, real or personal, acquired by a married woman as a separate and sole trader, shall not be subject to the disposal of her husband, nor be liable for his debts, and shall be and continue her separate and sole property; *and any such married woman shall have power to contract in relation thereto, or for the disposal thereof, and may sue and be sued as if she was a feme sole, provided that her husband shall join in any contract in reference to her real and personal property* other than such as she may acquire as a sole trader, and shall be joined with her in any action by or against her. This

property in question is the separate estate of a married woman under this act. The act expressly grants to her the power to contract in relation thereto, or for the disposal thereof, and she is authorized to sue and may be sued as if she were a *feme sole*. If a *feme sole* had made this contract, no question could have been raised of this sort.

The law provides that the married woman may sue and be sued concerning her contract concerning this separate estate as if she were a *feme sole*. She has made a valid contract, which she could have enforced against the other contracting parties, and I feel no hesitation in holding, and perceive no difficulty in arriving at the conclusion, that it may be equally enforced against her. She has made the contract concerning her separate estate, and her husband has united with her in said contract, and the statute has been complied with.

It was said by this court in a late case, arising upon this act, after reciting the act in full (*Crockett* v. *Doriot*, 85 Va. 243): "This act must be construed according to its terms; they alone justify the court in departing from the rule heretofore existing. By the act in question the said separate estate is created, and the power is granted to her to contract in relation thereto, or for the disposal thereof, and she may sue and be sued as a *feme sole*, provided that her husband shall join in any contract in reference to her real or personal property, &c. If this power to contract is to be restricted to the terms of the act, then the power to contract which is granted is to contract in relation to her said estate, or for the disposal thereof, in which her husband is required to join;   *   *   *   though a wife may by a contract bind her property, she cannot in any way bind her person.

It is only in consequence of the existence of her separate estate that this statute authorizes her to make the contract. In that case it was sought to enforce against the wife a contract not made with reference to or concerning her separate estate, and in which her husband did not join. This could not be

done under that act for reasons there stated. But this is a very different case; the contract is for the disposal of her separate estate, and the husband has joined with her in making the contract. It comes within the express terms of the statute, and is a valid and binding contract, clearly enforceable against the married woman and her separate estate.

This, I think, is clearly the true construction of our statute upon this subject. And we will say in this case, as we said in the last-mentioned case, we have rested our decision in this case upon the terms of our own statute. While many cases have been cited in the argument, they all proceed upon the statutes of other states, in some respects unlike our own; but we think the conclusion we have reached is clearly the true construction of the statute in question. The circuit court decided otherwise, and we are of opinion that the said decree is plainly erroneous, and must be reversed and annulled, and the cause remanded to the said circuit court, with directions to proceed in the cause to grant the relief prayed for in the bill, by causing a proper and sufficient deed to be made to the plaintiff by the said defendant married woman, or by causing the same to be executed by a commissioner of the court in this cause, so as to conclude the rights of all the parties hereto.

DECREE REVERSED.