# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Sullivan v. Gum and Others.

### November 22, 1906.

#### Absent, Buchanan, J.

1. Acknowledgments—*Sufficiency of Certificate—Failure to State Where Taken.*—The following certificate of acknowledgment of a bill of sale executed in New York city, and recorded in this state, is a substantial compliance with the statute of this state, and is sufficient:

"City, County, and State of New York: On the 12th day of July, A. D. 1905, before me personally appeared William M. Morse, Jr., to me known, and known to me to be the same person mentioned and described in the foregoing instrument, and he duly acknowledged to me that he executed the same."

It is not necessary that the certificate should state in express terms that the acknowledgment was taken before the officer in his city. It will not be presumed that the officer did an illegal act.

Error to a judgment of the Circuit Court of Bath county in a proceeding by interpleader. The proceeding was instituted by the sheriff, who held an execution in his hands for levy, to test the liability of certain personal property to the levy. Plaintiff in error filed a petition in the cause claiming the property levied on by virtue of a bill of sale. To a judgment against him he assigns error.                    *Reversed.*

The opinion states the case.

*John A. Lamb,* for the plaintiff in error.

*John W. Stephenson* and *McAllister & Nelson,* for the defendant in error.

Whittle, J., delivered the opinion of the Court.

This is a proceeding in interpleader, instituted by the defendant in error, John E. Gum, sheriff of Bath county, to determine the legality and priority of liens and conflicting claims to certain personal property in his possession under levy on executions against William M. Morse, Jr. The plaintiff in error, Sullivan, having intervened, asserted title to the property by virtue of a bill of sale from Morse; and from the judgment of the Circuit Court declaring the instrument void as to creditors, because not duly recorded, this writ of error was awarded.

The question for determination involves the adequacy of the following certificate to the bill of sale:

"City, County and State of New York:

"On the 12th day of July, A. D. 1905, before me personally appeared William M. Morse, Jr., to me known, and known to me to be the same person mentioned and described in the foregoing instrument, and he duly acknowledged to me that he executed the same.

(Seal.)　　　　　　　　　　　　　　　　　"H. E. Cole,

"Notary Public, New York City."

The Virginia statute prescribes the form of acknowledgment, and declares that a certificate *to that effect* shall be ·sufficient. A certificate complying literally with the statute would read: "Corporation of New York—to-wit: ·

"I, H. E. Cole, a notary public for the corporation aforesaid, in the state of New York, do certify that William M. Morse, Jr., whose name is signed to the writing above, bearing date on the 27th day of June, 1905, has acknowledged the same before me, in my corporation aforesaid. Given under my hand this 12th day of July, 1905."

The decisions of this court show that it is the policy of the law in this jurisdiction to uphold certificates of acknowledgment where there has been a substantial compliance with the statute. *Langhorne* v. *Hobson,* 4 Leigh 224; *Tod* v. *Baylor,* 4 Leigh 498; *Hairston* v. *Randolph,* 12 Leigh 445, 463; *McClanahan*

v. *Siter,* 2 Gratt. 280, 293, 294; *Hockman* v. *McClanahan,* 87 Va. 33, 12 S. E. 230; *Va. Coal & Iron Co.* v. *Robertson,* 88 Va. 116, 13 S. E. 350; *Hurst* v. *Leckie,* 97 Va. 550, 34 S. E. 464, 75 Am. St. Rep. 798; *Giel* v. *Giel,* 101 Va. 773, 45 S. E. 325.

Accordingly it has been held that "a certificate of acknowledgment to a deed which identifies the subscriber, specifies the writing subscribed, states the capacity in which the subscriber executes it, and certifies his acknowledgment thereof, contains all that is necessary." *Banner* v. *Rosser,* 96 Va. 238, 31 S. E. 67.

In 1 Am. & Eng. Ency. of Law 528 it is said: "Where a conveyance is acknowledged before an officer authorized within the limits of his territorial jurisdiction to take acknowledgments, it will be presumed that the acknowledgment was taken within these limits, although this fact is not stated in the certificate." Citing *Racleff* v. *Norton,* 19 Me. 274; *Bradley* v. *West,* 60 Mo. 33; *Dunlap* v. *Daugherty,* 20 Ill. 398; *Morrison* v. *White,* 16 La. Ann. 100; *Besimer* v. *Fell,* 35 W. Va. 15, 12 S. E. 1078, 29 Am. St. Rep. 774.

The West Virginia statute is very similar to our own, and in the last named case the court remarked: "But it is said that the certificate of the privy examination and acknowledgment of Mrs. Creigh is faulty because it certifies that she appeared before the justice, without saying that she appeared in a particular county. . . . The certificate has the caption, 'State of West Virginia, Greenbrier county—to-wit.' It will be presumed that the act occurred in that county, and that the officer did not do an illegal act in taking an acknowledgment out of his county." See also *Carpenter* v. *Dexter,* 9 Wall 513, 19 L. Ed. 426; *People* v. *Snyder,* 41 N. Y. 397; *Coles* v. *Miller,* 8 Gratt 6; *Hessler's Lessee* v. *King,* 9 Gratt. 115; 1 Cyc. 574, note 62, citing cases in point.

We are of opinion that the substantial requisites of the statute have been observed in this instance, and that the trial court erred in holding otherwise. *Reversed.*