Statement.

# Richmond.

Bowling, Spotts & Company v. Davidson and Others.

November 21, 1907.

1. Trust Deeds—*Inconsistent Reservations—Fraud Per Se.*—A general deed to secure creditors is not fraudulent *per se*, because of the fact that the trustee is permitted to continue the business for six months and to extend the time for another six months, if it is demonstrated to be to the advantage of the creditors secured, but provides for a sale at any time, upon request of creditors holding as much as $2,000 of the debts secured, or at any time the trustee deems it wise or is requested in writing by the grantor to sell. Whether or not a deed is fraudulent *per se* is a question to be determined by the court from an inspection of the deed.

2. Trust Deeds—*Inconsistent Reservations—Accelerating Date of Sale—Fraud Per Se.*—While a deed which reserves to the grantor powers inconsistent with the avowed object of the deed, is fraudulent *per se*, a provision in a deed for the benefit of creditors of a grantor which authorizes a sale of the trust subject at an earlier date than that fixed by the deed, if desired by the grantor, is not repugnant to and inconsistent with the avowed object and purpose of the deed so as to render it invalid.

Appeal from a decree of the Circuit Court of Bath county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*J. M. Perry,* for the appellant.

*Greenlee D. Letcher,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This appeal is from a decree of the Circuit Court of Bath county, whereby it was adjudged that a deed of trust executed by the appellee, J. Graham Davidson, for the benefit of creditors, was not fraudulent *per se* and void.

The deed is admittedly free from the imputation of fraud in fact, and its provisions are characterized by commendable fairness to all parties concerned. It includes all the grantor's assets, and secures all his creditors ratably, and contains no clause releasing the debtor from such portions of his indebtedness as may remain undischarged by the trust fund. The administration of the trust is confided to a former clerk of the grantor, a man of exemplary character and thoroughly familiar with the business. It also appears that the grantor's mother, his largest creditor, has agreed to surrender all benefit under the deed to such of the creditors as may accept its terms. The fairness of the arrangement is, moreover, attested by the circumstance that, out of fifty odd creditors secured by the deed, the appellant alone challenges the correctness of the decree. The intention and acts of the grantor give a deed its character, and it is apparent that it was the purpose of the appellee, who was engaged in the mercantile business and failed, to avoid bankruptcy by making a full and fair surrender of all his assets for the benefit of creditors.

Though it is true. that whether or not a deed is fraudulent as a matter of law (that is to say, whether it contains some stipulation irreconcilable with an honest purpose), is a question to be determined by the court from an inspection of the instrument itself, it is but just to the grantor that the foregoing statement of undisputed facts be made matter of record.

The deed empowers the trustee, should he deem it to the interest of the creditors, to continue the business for six months. from its date, "and if, at the end of that time, the indebtedness is not paid, and it is demonstrated that a continuance of the

operation of the business will be to the advantage of the creditors, the said trustee may continue to operate the business for six months longer; but at any time he shall be requested in writing by any two or more of the creditors, holding in the aggregate over $2,000 of the debt, the said trustee shall forthwith proceed to close up the business with the most practicable dispatch, and at any time that the trustee deems it wise, or is requested so to do in writing by J. Graham Davidson, he will proceed to close up the business, * * * selling the remainder of the property, * * * as authorized in this deed. After the expiration of twelve months after the date hereof, the trustee may, if he deem it best for the creditors, continue the business for twelve months longer, or less, if requested in writing by J. Graham Davidson and creditors holding a majority in amount of the debts secured by this deed."

There is striking similarity between this instrument and the deed, the validity of which was sustained in *Hurst* v. *Leckie,* 97 Va. 550, 34 S. E. 464, 75 Am. St. Rep. 798. But it is contended that the differentiating features of the two deeds, and the vitiating feature of this deed, are to be found in the stipulation contained in the latter, reserving to the grantor power at any time to require the trustee to foreclose.

The law has been settled in this state, from the time of the decision in *Lang* v. *Lee,* 3 Rand. 410, that a deed which "reserves to the grantor power inconsistent with the avowed object for which the deed is made," is *per se* fraudulent. This principle, in varying form, has repeatedly received the sanction of this court; but no case has been cited, and we know of none, where a deed has been condemned as fraudulent which reserves to the grantor the power to require the trustee, at any time, to foreclose the deed. Surely, a reservation, the exercise of which must result in an immediate sale of the trust subject and application of the avails to the payment of debts, cannot be declared inconsistent with the objects of an assignment for the benefit of creditors, or be construed, in any just sense, as amenable to

objection on the ground that it may be used to hinder or delay creditors.

·This precise question has been decided adversely to the view of the appellant in *Sipe* v. *Earman,* 26 Gratt. 563, and therefore, a review of analogous cases would be unprofitable. The court, in that case, at page 569, observes: "Nor is the provision, which authorizes an earlier sale, if desired by the grantor, repugnant to and incompatible with the avowed object and purposes of the deed, so as to render it invalid and void."

For these reasons, we are of opinion that the decree of tho circuit court is without error, and ought to be affirmed.

*Affirmed.*